# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Jesus Verdugo-Carrasco, | Case No. 2:25-cv-02374-CDS-EJY |
| Plaintiff | **Order Granting the Petitioner's Motion to Enforce** |
| v. | |
| United States of America, et al., | [ECF No. 37] |
| Defendants | |

On February 2, 2026, I granted Jesus Verdugo-Carrasco's writ of habeas corpus petition. *See* Order, ECF No. 32. Therein, I ordered the petitioner to be released from custody and placed on an order of supervision consistent with 8 C.F.R. § 241.13(3). *Id.* at 8. On March 12, 2026, Verdugo-Carrasco moved to enforce the court's order, asserting that while the petitioner was released on an order of supervision, ICE subjected him to ankle monitoring indefinitely. Mot., ECF No. 37. The petitioner requests that the ankle monitoring condition be removed because it is not necessary to ensure public safety nor to guarantee his compliance with his final order of removal. *Id.* at 4. This motion is fully briefed. Resp., ECF No. 38; Reply, ECF No. 39.

On April 13, 2026, I held a hearing on the petitioner's motion. As a threshold matter, I find that I have jurisdiction to hear the arguments on the petitioner's requested relief. *See Jones v. Cunningham*, 371 U.S. 236, 239–240 (1963) (explaining a court may afford habeas relief to an individual, who, as here, is subject to "restraints not shared by the public generally."). As stated at the hearing, I grant the petitioner's motion to enforce and order the respondents to remove the ankle monitoring condition from the petitioner's order of supervision. In doing so, I find that for almost a decade, the petitioner complied with all release requirements, without even being subject to an order of supervision. The respondents also did not present any evidence

demonstrating why the ankle monitor is necessary,[1] much less indefinite ankle monitoring, which carries a liberty implication. *See Barreno v. Baltasar*, 2026 U.S. Dist. LEXIS 9571 (D. Colo. Jan. 15, 2026) (finding that when ICE imposed additional conditions, including requiring the petitioner to wear an ankle monitor, such conditions were not consistent with due process); *A.B.D. v. Wamsley*, 2026 U.S. Dist. LEXIS 11720 (D. Or. Jan. 22, 2026) (explaining that the petitioner's GPS tracking ankle monitor violated his Fifth Amendment due process rights in the absence of notice and hearing concerning the appropriateness of the intensive supervision measures). Consequently, I grant the petitioner's requested relief and order the respondents to remove the ankle monitoring condition.

**Conclusion**

IT IS ORDERED that Verdugo-Carrasco's motion to enforce **[ECF No. 37] is GRANTED.**

IT IS FURTHER ORDERED that the respondents must remove the ankle monitoring condition within one week, by April 20, 2026. The parties are further ordered to file a joint status report regarding compliance with this court's order by April 22, 2026.

Dated: April 13, 2026

_____
Cristina D. Silva
United States District Judge

---

[1] The respondents argued that monitoring was necessary because the petitioner is now subject to a final order of removal without appellate options. But this argument falls short given that the petitioner was subject to a final order of removal without being on an order for supervision for almost a decade and incurred no violations.